ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| **EDGARDO SANABRIA MEDINA en representación de OLGA MEDINA SILVA y ANDRÉS SANABRIA TORRES**<br><br>Peticionario<br><br>v.<br><br>**OLGA R. SANABRIA MEDINA y JUAN SANABRIA MEDINA**<br><br>Recurrido | KLCE202400835 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **Humacao**<br><br>Civil Núm.: HUL1212024-01825<br><br>Sobre: Ley 121 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 18 de noviembre de 2024.

Comparece ante este Foro, el señor Edgardo Sanabria Medina (peticionario) y solicita que revoquemos la *Resolución y Orden por Incumplimiento* dictada el 12 de junio de 2024, por el Tribunal de Primera Instancia (TPI), Sala Municipal de Humacao. Mediante la misma, el foro primario encontró incurso en desacato civil al peticionario, por lo cual le impuso una multa de $250.00. Ello, dentro de un pleito al amparo de la Ley Núm. 121 del 1 de agosto de 2019, mejor conocida como *Ley de la Carta de Derechos y la Política Pública del Gobierno a Favor de los Adultos Mayores,* según enmendada, 8 LPRA sec. 1511 *et seq.* (Ley Núm. 121-2019).

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se revoca el pronunciamiento recurrido.

### I.

Según surge del expediente, la señora Olga Medina Silva y el señor Andrés Sanabria Torres son los progenitores de Edgardo, Olga y Juan, todos de apellidos Sanabria Medina. El 30 de enero de 2024,

Número Identificador
SEN2024 _____

el señor Edgardo Sanabria Medina solicitó una orden de protección en representación de sus progenitores contra la aquí recurrida y hermana de Edgardo, la señora Olga L. Sanabria Medina. En su comparecencia, Edgardo alegó que su hermana tiene el control del dinero de sus padres y no quería contratar una enfermera para que cubriera el tiempo en el que este estuviera trabajando en las noches. En suma, solicitó al tribunal que ordenara a la señora Sanabria Medina proveer información de las cuentas de sus padres, así como a contratar a una enfermera para el cuido nocturno. Además, requirió que se le prohibiera sacar a sus padres de Puerto Rico sin el consentimiento de éstos y/o de sus hijos.

El 15 de abril de 2024 la trabajadora social del Departamento de la Familia, Luz C. González, rindió un primer *Informe Social,* en el cual suscribió que no identificó maltrato hacia los adultos mayores, más sí un problema de comunicación entre los hermanos Sanabria Medina.[1] Recomendó que los hijos se involucraran en todo lo relacionado a costos de servicios, área de salud y financiera de sus progenitores. Así, la trabajadora social solicitó que no se expidiera la orden de protección al amparo de la Ley Núm. 121-2019, con el objetivo de que los adultos mayores pudieran beneficiarse de vivir en un ambiente de tranquilidad que promoviera su seguridad y bienestar.

Consecuentemente, el 16 de abril de 2024 se celebró una audiencia final. El foro de instancia dictó una *Resolución* que incluyó las siguientes determinaciones sobre un plan de cuido para los adultos mayores:

1. El peticionado Juan Sanabria Medina estará encargado del cuido de los adultos mayores de lunes a viernes de 5:00 am a 8:00 am.
2. **Cuidadora #1 estará encargada del cuido de los adultos mayores de lunes a viernes de 9:00 am a 2:00 pm.**

---

[1] Apéndice del recurso, págs. 27-34.

3. Cuidadora #2 estará encargada del cuido de los adultos mayores de lunes a viernes de 2:00 pm a 6:00 pm.

4. Cuidadora #3 estará encargada del cuido de los adultos mayores de lunes a viernes de 6:00 pm a 10:00 pm.

5. Las cuidadoras serán costeadas con los beneficios que reciben ambos adultos mayores, ya que estos cuentan con los ingresos suficientes.

6. **El peticionario Edgar Sanabria Medina, estará encargado de los adultos mayores todos los días de 10:00 pm a 5:00 am, y los sábados y domingos.**

7. **En cuanto a las cámaras de seguridad que se encuentran en el hogar de los adultos mayores, las cuales graban imagen y audio, las mismas serán apagadas mientras el peticionado Juan Sanabria Medina este cuidando de los adultos mayores. Cuando las cuidadoras estén presentes se apagará el audio de las cámaras, y se les comunicará a estas sobre la existencia de las cámaras y la ubicación de estas. Las cámaras no podrán grabar en las áreas del hogar donde exista una expectativa razonable de intimidad.**

8. La señora Norma Medina deberá ser instruida en el uso de la Tarjeta de la Familia y la MCS Te Paga, y esta deberá mantener y presentarle a las partes un informe sobre los estados de fondos de ambas tarjetas y los gastos que se realizan con las mismas. El uso de las tarjetas debe ser exclusivamente para el beneficio de los adultos mayores. Las compras de comida para los adultos deberán ser saludables y realizarse conforme a recomendación médica. Las partes deberán orientarse sobre el adecuado consumo y compra de alimentos para los adultos mayores. En la alternativa, la señora Norma Medina deberá entregar las tarjetas.

9. Se exhorta a las partes a mantener una comunicación adecuada sobre los asuntos médicos, de salud y financieros de los adultos mayores. Las partes pueden evaluar el mantener un chat en WhatsApp para este propósito o identificar un familiar mediador.

(Énfasis nuestro).

Así las cosas, el tribunal denegó la expedición de la orden de protección de referencia y advirtió que toda persona que voluntariamente quebrantara algunos de los términos de la *Resolución*, incurriría en desacato civil.

El 13 de mayo de 2024 los hermanos Olga y Juan instaron una moción ante el tribunal, mediante la cual alegaron que Edgardo incumplía con varias estipulaciones del plan de cuido de sus progenitores. Ante ello, el 11 de junio de 2024, la trabajadora social

González realizó una investigación que incluyó entrevistas a los hermanos Sanabria Medina, al señor Sanabria Torres, y a las cuidadoras de la adulta mayor Medina Silva. Posteriormente, presentó una *Carta Informativa* y concluyó que Edgardo incurrió en desacato por no cumplir cabalmente con los incisos 1, 2 y 6 del mencionado plan.[2] También esgrimió que existía controversia con el inciso 8 del plan, en cuanto al uso de la *Tarjeta de la Familia*, así como la de *MCS Te Paga*. La trabajadora social hizo hincapié en que observó discrepancias en el manejo de los fondos de la cuenta bancaria de los adultos mayores y que todavía continuaban los problemas de comunicación entre los hermanos.

La vista de desacato civil se celebró el 12 de junio de 2024. En esta testificaron: la trabajadora social Luz C. González, Juan Sanabria Medina, Olga Sanabria Medina[3] y Edgardo Sanabria Medina. Luego de considerar el informe y de escuchar la prueba oral, el Tribunal de Primera Instancia determinó que Edgardo estaba en incumplimiento con los incisos 2, 6 y 7 de la *Resolución* del 16 de abril de 2024. Conforme lo anterior, el tribunal encontró incurso en desacato civil a Edgardo, por lo cual le impuso una multa de $250.00. Asimismo, el foro *a quo* advirtió que la parte que voluntariamente transgrediera lo dispuesto en su dictamen podría ser encontrada incurso en desacato y se podría ordenar su arresto.

En desacuerdo, el señor Edgardo Sanabria Medina solicitó reconsideración. En su escrito, sostuvo que, aun cuando el Tribunal advino en conocimiento que trabaja durante las noches, siendo su único sustento, le impuso el cuido de sus padres los siete (7) días de la semana en el horario que trabaja. Añadió que durante la vista de desacato se desfiló prueba en cuanto a que le resultaba difícil

---

[2] Apéndice del recurso, págs. 42-48.
[3] Olga Sanabria Medina testificó a los únicos efectos de aclarar ciertos puntos sobre las cuentas de banco de su madre, la señora Olga Medina Silva. Transcripción de la Prueba Oral (TPO), a las págs. 30-32.

cuidar a sus progenitores durante las noches porque ello representaría la pérdida total de sus ingresos. Destacó que en la audiencia también desfiló prueba conducente a que sus progenitores poseen ingresos suficientes para costear las cuidadoras en el horario nocturno. Precisó que, aunque su deseo es cuidar a sus progenitores, requería de tiempo para trabajar y hacer sus cosas. Adujo que el tribunal erró en otorgarle credibilidad a los testimonios de su hermano Juan, a quien cataloga como una persona mendaz con problemas serios por el uso del alcohol, y al de la trabajadora social González. Argumentó que el propósito de la Ley Núm. 121-2019 es para proteger a los adultos mayores, no para privar del trabajo al único hijo que con su mejor interés y amor se ha hecho cargo de sus progenitores. Por tanto, solicitó al Tribunal que salvaguardara el derecho de los adultos mayores sin violentarle el suyo de ganarse su sustento al trabajar de noche. Mencionó que podía cuidar de sus progenitores durante el día e intercambiar con una cuidadora en la noche cuando trabaje, sin que ello se catalogue como una violación al plan de cuido. Evaluado lo anterior, el Tribunal denegó la petición de reconsideración mediante *Orden* dictada el 1 de julio de 2024, notificada al día siguiente.

Aun inconforme, el señor Edgardo Sanabria Medina incoó el recurso que nos ocupa, en el cual le señala al TPI la comisión de los siguientes errores:

A. INCURRIÓ EN ERROR EL TRIBUNAL INFERIOR, ABUSÓ DE SU DISCRECIÓN Y ACTUÓ CON TOTAL PARCIALIDAD AL DICTAR RESOLUCIÓN EN CLARA ARBITRARIEDAD, Y A BASE DE UN INFORME MEDIOCRE, E INCOMPLETO QUE NO FUE NOTIFICADO ANTES DE LA VISTA EN SUS MÉRITOS, EN CRASA VIOLACIÓN AL DEBIDO PROCESO DE LEY.

B. INCURRIÓ EN ERROR EL TRIBUNAL INFERIOR, ABUSÓ DE SU DISCRECIÓN Y COMETIÓ CRASO ERROR EN LA APRECIACIÓN DE LA PRUEBA. (someteremos la transcripción de la vista con escrito suplementando para atender este error)

C. INCURRIÓ EN ERROR EL TRIBUNAL INFERIOR, ABUSÓ DE SU DISCRECIÓN Y COMETIÓ CRASO ERROR AL PRIVAR AL PETICIONARIO DE SU DERECHO DE EJERCER SU TRABAJO, Y TENER VIDA PROPIA, OBLIGÁNDOLO A SOMETERSE AL HORARIO IMPUESTO POR EL TPI Y AL ABUSO Y CONTROL DE LOS RECURRIDOS.

D. INCURRIÓ EN ERROR EL TRIBUNAL INFERIOR AL ENCONTRAR INCURSO EN DESACATO AL PETICIONARIO E IMPONER SANCIONES EN SU CONTRA Y HABER DENEGADO ATENDER VISTA DE DESACATO SOLICITADA POR ESTE, TODO ELLO EN CRASA VIOLACIÓN A SU DEBIDO PROCESO DE LEY.

E. INCURRIÓ EN ERROR EL TRIBUNAL INFERIOR, ABUSÓ DE SU DISCRECIÓN Y COMETIÓ CRASO ERROR AL DESCANSAR EN TESTIMONIOS PLAGADOS DE FALSEDADES, EN UN INFORME E INVESTIGACIÓN MEDIOCRE E INCOMPLETO.

F. INCURRIÓ EN ERROR EL TRIBUNAL INFERIOR, ABUSÓ DE SU DISCRECIÓN Y COMETIÓ CRASO ERROR AL PERMITIR QUE TERCEROS CONTROLEN LOS INGRESOS DE LOS ADULTOS MAYORES, Y SOSTENER SU DETERMINACIÓN QUE PRIVA AL PETICIONARIO DE DECIDIR LAS HORAS DE LAS CUIDADORAS DE ACUERDO A SU DISPONIBILIDAD PARA PODER TRABAJAR Y CUIDAR DE SUS PADRES.

Junto a su recurso, el señor Edgardo Sanabria Medina instó una *Moción en Solicitud de Auxilio de Jurisdicción*, con la intención de que se paralizaran los efectos del dictamen recurrido. Lo anterior fue denegado mediante *Resolución* dictada el 30 de julio de 2024. Este Foro le confirió quince (15) días a la parte recurrida para presentar su alegato. En vista de que ello no ocurrió y, transcurrido en exceso el término concedido, resolveremos la controversia que hoy nos ocupa sin el beneficio de su comparecencia.

El 29 de agosto de 2024, el señor Edgardo Sanabria Medina sometió la transcripción de la vista celebrada el 12 de junio de 2024, así como su alegato suplementario. Estamos en posición de resolver.

**II.**

**A**.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera*

*et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[4]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[4] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

La Ley Núm. 121-2019, *supra,* reconoce como política pública y responsabilidad del gobierno mejorar la calidad de vida de los adultos mayores de sesenta (60) años o más y garantizar su bienestar. 8 LPRA sec. 1512. El Gobierno de Puerto Rico reconoce y reafirma su responsabilidad de proveer, hasta donde sus medios, recursos y situación fiscal lo hagan factible, las condiciones adecuadas que promuevan en los adultos mayores el goce de una vida plena y el disfrute de sus derechos naturales, humanos y legales. *Íd.*

En lo pertinente, dicho estatuto dispone que la familia de una persona adulto mayor deberá cumplir su función social; por tanto,

de manera constante y permanente, al hacerse cargo de cada uno de los adultos mayores que formen parte de ella, proporcionarán los elementos necesarios para su atención integral. Es responsabilidad de los familiares, entre otras cosas, fomentar la convivencia familiar cotidiana, donde el adulto mayor participe activamente, y promover al mismo tiempo los valores que incidan en sus necesidades afectivas, de protección y de apoyo; evitar que alguno de sus integrantes realice cualquier acto de abandono, desamparo, marginación, discriminación, abuso, explotación, aislamiento, violencia o los que pongan en riesgo su persona, bienes y derechos y otorgar una estancia digna, adecuada a sus necesidades, de preferencia en el propio domicilio o en facilidades de cuido asistencial. Art. 6 (b)(d) y (e) de la Ley Núm. 121-2019, 8 LPRA sec. 1516 (b)(d) y (e).

### C.

La figura del desacato civil es el poder inherente de todos los tribunales para poder, entre otros, mantener y asegurar el orden en su presencia y en los procedimientos ante su consideración, para hacer cumplir sus órdenes, sentencias y providencias, y para realizar u ordenar cualquier acto que resulte necesario a fin de cumplir a cabalidad sus funciones. *E.L.A. v. Asoc. de Auditores*, 147 DPR 669, 681 (1999), *Díaz Aponte v. Comunidad San José, Inc.*, 130 DPR 782, 804 (1992). El mismo se basa en el sano principio de que la observancia de las órdenes de los tribunales por parte de aquellos contra quienes van dirigidas es de cardinal importancia para la administración de la justicia. La naturaleza y propósito del desacato civil es reparadora, es decir, a inducir a alguien a cumplir con una obligación. *Íd.*, citando a *Shillitani v. United States*, 384 US 364 (1966).

**III.**

Por su estrecha relación, discutiremos todos los señalamientos de error levantados por el peticionario en conjunto. Este esencialmente cuestiona la apreciación de la prueba realizada por el foro *a quo*. Aduce que el informe realizado por la trabajadora social González fue uno parcializado e incompleto. Razona que la determinación objetada no representa el balance más racional, justiciero y jurídico de la totalidad de la prueba, por lo cual recaba nuestra intervención.

Asimismo, el peticionario esboza que debemos revocar la determinación recurrida, para que, al, menos, se le permita distribuir las horas de trabajo de las cuidadoras y así él pueda trabajar y ganarse su sustento. Recurre ante este Foro porque entiende que el plan de cuido impuesto por el Tribunal le impide laborar y además lo considera injusto y desproporcionado en comparación a la carga asignada a sus hermanos. En ese sentido, destaca que a su hermano Juan solo se le asignó el cuido de sus progenitores durante tres (3) horas al día de lunes a viernes, mientras que él está encargado de los adultos mayores todos los días de 10:00 pm a 5:00 am, más los sábados y domingos

En cuanto a las tarjetas de compras de alimentos de los adultos mayores, esgrime que el Tribunal permitió que Norma Medina, la hermana de la adulta mayor, las retuviera sin que esta cuide de la señora Medina Silva. Sostiene, además que Norma Medina nunca rindió informe alguno de las compras que realizó con las referidas tarjetas.

De otro lado, el peticionario alega que se debe deja sin efecto la sanción impuesta porque el testimonio de la trabajadora social que el TPI tomó en consideración para arribar al pronunciamiento recurrido fue uno parcializado. Añade que no se le debe penalizar por no estar de acuerdo con el plan de cuido concernido, el cual le

impone el horario de cuidados sin considerar que tiene derecho a tener días libres y poder trabajar para generar ingresos que satisfagan sus necesidades. Argumenta que, aunque, en efecto, no utilizó a las cuidadoras en el horario impuesto por el TPI durante ciertos días, no cuenta con $250.00 para pagar la mencionada sanción. Particulariza que es el único que se hace cargo de sus progenitores, porque su hermano Juan sufre de alcoholismo y de otras condiciones mentales y solo cuida de su madre durante tres (3) horas de lunes a viernes. Por su parte, aduce que su hermana Olga reside en los Estados Unidos y nada contribuye para sus progenitores, solo mantiene el control del dinero de su madre.

Según adelantado, mediante la *Resolución y Orden por Incumplimiento* que hoy revisamos, el TPI concluyó que el peticionario incumplió con los incisos 2, 6 y 7 de la *Resolución* del 16 de abril de 2024, que instituyó el plan de cuido de los adultos mayores Olga Medina Silva y Andrés Sanabria Torres. Así, lo encontró incurso en desacato civil y, consecuentemente, le impuso una multa de $250.00.

Luego de un análisis ponderado del expediente, si bien reconocemos que, como parte del manejo de sus casos, el TPI tiene amplia facultad para emitir las órdenes o remedios que en derecho procedan, en este caso, nos vemos precisados a intervenir con la decisión impugnada.

Veamos, el pronunciamiento del cual el peticionario solicita revisión se retrotrae a la *Resolución* emitida por el TPI el 16 de abril de 2024, mediante la cual el foro de instancia incluyó en sus determinaciones el plan de cuido para los adultos mayores establecido por las partes. Sin embargo, a poco examinarla resulta evidente que la misma carece de efectividad debido a que el día que se emitió la misma el TPI no expidió la orden de protección solicitada al amparo de la Ley Núm. 121-2019. Asimismo, el Tribunal omitió

hacer un dictamen completo y conforme a derecho, pues nada dispuso sobre las controversias relacionadas al deber de los tres (3) hermanos Sanabria Medina de cuidar de sus progenitores, sobre las preocupaciones de los asuntos de índole económico y no menos importante nada dispuso en cuanto al término de la vigencia del plan de cuido establecido en la *Resolución*. Además, y dentro del referido cuadro fáctico expuesto, el TPI erróneamente impuso una sanción económica contra el peticionario sin tomar en consideración la totalidad de las circunstancias que surgen del expediente y transcripción de la vista de desacato.

En consonancia con lo anterior, el foro *a quo* deberá celebrar, a la brevedad posible, una nueva vista, en la cual considerará los pormenores del tiempo, dinero y trabajo de los tres (3) hermanos Sanabria Medina, previo a modificar el plan de cuido. Lo anterior, teniendo como norte salvaguardar el bienestar de los adultos mayores Andrés Sanabria Torres y Olga Medina Silva.

Por último, invitamos a los hermanos Sanabria Medina a continuar cumpliendo con su función social, responsabilidad, deber y compromiso de cuidar a sus progenitores. En esa dirección, tomamos conocimiento de las alegaciones que se desprenden del expediente sobre explotación financiera, particularmente el uso inadecuado de tarjetas y cuentas bancarias de la adulta mayor Medina Silva. Por tanto, en la audiencia próxima a celebrarse por el TPI, también se deberá considerar lo concerniente a las tarjetas y cuentas de los adultos mayores, toda vez que son imprescindibles para atender sus necesidades, entre otras, de alimentos y cuidadoras.

Consecuentemente, expedimos el auto de *certiorari* solicitado y revocamos la *Resolución y Orden por Incumplimiento*. En un balance de intereses, y con el objetivo de evitar un fracaso de la justicia, procede que se deje sin efecto la sanción impuesta al

peticionario. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos expuestos, se expide el auto de *certiorari* y se revoca la *Resolución y Orden por Incumplimiento* recurrida. En consecuencia, se deja sin efecto el desacato civil decretado contra Edgardo Sanabria Medina. Por igual, se deja sin efecto la sanción de $250.00. Se devuelve el caso al TPI para la continuación de los procedimientos, conforme lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones